Ignacio Hiraldo, Esq.
(pro hac vice)
IJhiraldo@Hiraldolaw.com
IJH Law
1200 Brickell Ave. Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469

Attorney for Plaintiff and the Proposed Class

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Megan Jacksen**,<br>individually and on behalf of all others<br>similarly situated,<br><br>    *Plaintiff*,<br><br>vs.<br><br>**Chapman Automotive Group, LLC, d/b/a**<br>**Chapman Volkswagen Scottsdale**<br>**Arizona,**<br>an Arizona limited liability company,<br><br>    *Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

# CLASS ACTION COMPLAINT

Plaintiff Megan Jacksen brings this class action against Defendant Chapman Automotive Group, LLC, d/b/a Chapman Volkswagen Scottsdale Arizona ("Defendant") and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), and its implementing regulations.

2. Defendant operates numerous car dealerships throughout the state of Arizona, including a dealership that goes by the name Chapman Volkswagen Scottsdale Arizona.

3. Defendant also uses an automatic telephone dialing system to send mass automated marketing calls to individuals' telephones and to solicit individuals even if they have listed their telephone number on the National Do Not Call Registry.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA"). Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call that violates the TCPA, which, when aggregated

among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

7.      Plaintiff is a natural person who, at all times relevant to this action, was a citizen of the State of Arizona.

8.      Defendant is a Michigan corporation whose principal office is located at 7455 WEST ORCHID LN, CHANDLER, AZ, 85226, USA. Defendant directs, markets, and provides its business activities throughout the state of Arizona.

9.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## THE TCPA

10.      The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

11.      The TCPA exists to prevent communications like the ones described within this Complaint.  "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12.      In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system

or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

13.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14.    In 2012, the FCC issued an order further restricting automated <u>telemarketing</u> calls, requiring "prior express <u>written</u> consent" for such calls.  *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

15.    To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates."  *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

16.    The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

17.    "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

18.    "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

19.    The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003).  This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*.  *Id*.

20.    In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

21.    If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent.  *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

22.    In regards to what constitutes an ATDS, the Ninth Circuit has explained "that the statutory definition of ATDS includes device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator." *Marks v. Crunch San Diego, LLC*, 904 F. 3d 1041, 1043 (9th Cir. 2018).

23.    The Ninth Circuit has further explained that "By referring to the relevant

device as an 'automatic telephone dialing system,' Congress made clear that it was targeting equipment that could engage in automatic dialing, rather than equipment that operated without any human oversight or control." *Marks,* 904 F. 3d at 1052 (citing 47 U.S.C. § 227(a)(1)) (emphasis in *Marks*).

## FACTS

24.     Beginning in approximately the end of 2015, Defendant began calling Plaintiff's cellular telephone number ending in 3273 (the "3273 Number").

25.     In approximately the end of 2015, after the calls began, Plaintiff made requests to Defendant's employees to stop contacting her at the 3273 Number.

26.     Despite this, Defendant ignored Plaintiff's requests and continued calling the 3273 Number. This is indicative of Defendant's failure to maintain…..[cite internal dnc elements]

27.     Upon Plaintiff answering the phone, Plaintiff heard a pause before they were greeted by a live person.  This pause is indicative of automatic telephone dialing system ("ATDS") technology.

28.     To place the calls, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of calls without any human involvement.

29.     The Platform has the capacity to store telephone numbers, which capacity was in fact utilized by Defendant.

30.     The Platform has the capacity to generate sequential numbers, which capacity was in fact utilized by Defendant.

31.     The Platform has the capacity to dial numbers in sequential order, which capacity was in fact utilized by Defendant.

32.     The Platform has the capacity to dial numbers from a list of numbers, which capacity was in fact utilized by Defendant.

33.     The Platform has the capacity to dial numbers without human intervention, which capacity was in fact utilized by Defendant.

34.     At the time Plaintiff received these calls, she was the subscriber and/or sole

user of the 3273 Number.

35.     The 3273 Number is Plaintiff's personal cell phone number and not a business phone number.

36.     The 3273 Number has been registered with the National Do Not Call Registry since December of 2013.

37.     Defendant's unsolicited communications, as described herein, constitute telemarketing because they encourage the future purchase or investment in property, goods, or services.

38.     At no point in time did Plaintiff provide Defendant with her express written consent to be contacted by telephone calls using an ATDS.

39.     The telephone calls Plaintiff received originated from numerous telephone numbers, including 480-424-3560.

40.     The telephone number 480-424-3560 is owned and/or operated by Defendant. [1]

41.     Defendant's unsolicited calls caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

42.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

43.     Plaintiff brings this case on behalf of the Class defined as follows:

**NO CONSENT CLASS:** All persons within the United States to who, within the four years prior to the filing of this Complaint, Defendant or anyone on Defendant's behalf, placed a telephone call, using the same type of equipment used to call Plaintiff, to said person's cellular telephone number, for the purpose of promoting and/or advertising Defendant's goods and/or services.

---

[1] See Chapman Volkswagen Scottsdale, https://www.chapmanvw.com/ (listing the number 480-424-3560, last visited January 14, 2021).

**CLASS ACTION COMPLAINT**

**DO NOT CALL CLASS**: All persons in the United States who from four years prior to the filing of this action: (1) were sent a phone call by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting and/or soliciting Defendant's products and services.

**INTERNAL DO NOT CALL CLASS:** All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a call from Defendant or anyone on Defendant's behalf, (2) regarding Defendant's property, goods, and/or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future calls.

44.   Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

45.   Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

46.   Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

47.   The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

48.   There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

   a)  Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an ATDS;

**CLASS ACTION COMPLAINT**

b)  Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

c)  Whether Defendant's conduct was knowing and willful;

d)  Whether Defendant initiated telemarketing calls to telephone numbers listed on the National Do Not Call Registry;

e)  Whether Defendant is liable for damages, and the amount of such damages; and

f)  Whether Defendant should be enjoined from such conduct in the future.

49.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

50.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ADEQUACY**

51.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

52.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be

unduly burdened by individual litigation of such cases.

53.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.   For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.   Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## <u>Violations of the TCPA, 47 U.S.C. § 227(b)</u>
### (On Behalf of Plaintiff and No Consent Class)

54.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

55.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

56.     The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id*. at § 227(a)(1).

57.     Defendant used an ATDS to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined below.

58.     These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls.

59.     In fact, Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

60.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an ATDS to make non-emergency telephone calls to the cell phones of Plaintiff and the

other members of the putative Class without their prior express written consent.

61.   Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

62.   As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## COUNT II
## <u>Violations of 47 C.F.R. § 64.1200</u>
### (On Behalf of Plaintiff and the No Consent Class)

63.   Plaintiff re-alleges and incorporates the allegations of paragraphs 1-53 as if fully set forth herein.

64.   It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an automatic telephone dialing system…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."  47 C.F.R. § 64.1200(a)(1)(iii).

65.   Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made  …"  47 C.F.R. § 64.1200(a)(2).

66.   Defendant transmitted calls using an automatic telephone dialing system to the telephone numbers of Plaintiff and members of the putative class without their prior express written consent.

67.   These calls were made without regard to whether Defendant had first

obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

68.     Defendant has, therefore, violated § 64.1200(a) by using an automatic telephone dialing system to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

69.     Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an automatic telephone dialing system. The violations were therefore willful or knowing.

70.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

71.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

### COUNT III

### <u>Violations of 47 U.S.C. § 227</u>

### (On Behalf of Plaintiff and the Do Not Call Registry Class)

72.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1-53 as if fully set forth herein.

73.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

74.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to

any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

75.   47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

76.   Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

77.   Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

78.   Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

79.   To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT III
## **VIOLATIONS OF 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(d)**
### **(On Behalf of Plaintiff and the Internal Do Not Call Class)**

80.     Plaintiff re-alleges and incorporates paragraphs 1-53 as if fully set forth herein.

81.     In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> **(1)** *Written policy.* Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2)** *Training of personnel engaged in telemarketing.* Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

82.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

83.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

84.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' opt-out requests.

85.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

86.     Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

87.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

88.    As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

89.    Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)    An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)    An award of actual and statutory damages for Plaintiff and each member of the Class;

c)    As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for herself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d)    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for herself and each member of the Classes treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e)    An order declaring that Defendant's actions, as set out above, violate the TCPA;

f)    An injunction requiring Defendant to cease all unsolicited call activity, and to otherwise protect the interests of the Class;

g)    An injunction prohibiting Defendant from using, or contracting the use of,

an ATDS without obtaining, recipient's consent to receive calls made with such equipment;

h) An injunction requiring Defendant to cease all calls to individuals who have requested to be removed from Defendant's contact list;

i) A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

j) A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii) were willful and knowing; and

k) Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: January 13, 2021

Respectfully submitted,

By: */s/ Ignacio Hiraldo*
**IJH Law**
Ignacio Hiraldo, Esq.
*Pro Hac Vice*
Florida Bar No. 0056031
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786.496.4469

*Counsel for Plaintiff and the Proposed Class*

16
**CLASS ACTION COMPLAINT**